In re: INDIANAPOLIS LIFE INSUR-
ANCE COMPANY I.R.S. § 412(I)
PLANS LIFE INSURANCE MAR-
KETING LITIGATION.

MDL No. 1983.

United States Judicial Panel on
Multidistrict Litigation.

Oct. 7, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and W. ROYAL FURGESON, JR.*, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel** *: Common defendant Indianapolis Life Insurance Co. (Indianapolis Life) and related entities move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in the Northern District of Texas of claims in four actions against Indianapolis Life. Certain defendants[2] join in the motion. Other defendants in the Texas action[3] do not oppose centralization in this district. Plaintiffs in the Texas action

---

* Judge Furgeson took no part in the decision of this matter.

At oral argument it was announced that three of the five other Panel members have interests which would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter. Accordingly, the Panel invoked the Rule of Necessity and these five Panel members participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone*

*Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357–58 (Jud. Pan.Mult.Lit.2001).

2. ECI Pension Service, LLC; Economic Concepts, Inc.; David Cline; and Kenneth and Marilyn Hartstein.

3. American General Life Insurance Co.; Hartford Life and Annuity Insurance Co.; and Pacific Life Insurance Co.

along with plaintiffs in the District of Arizona action agree that centralization is appropriate of the claims against Indianapolis Life, but suggest centralization in the District of Arizona. Plaintiffs in both the Northern District of Mississippi and the Southern District of Indiana actions oppose inclusion of their claims or actions in Section 1407 proceedings. Two defendants in the District of Arizona action also oppose the motion.[4]

This litigation presently consists of four actions listed on Schedule A and pending in four districts as follows: one action each in the District of Arizona, the Southern District of Indiana, the Northern District of Mississippi and the Northern District of Texas.

■ On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact relating to (1) the design, marketing and sale of life insurance policies used by plaintiffs to fund defined benefit pension plans for their small businesses which were represented to be in compliance with U.S. Internal Revenue Service (I.R.S.) § 412(i), and (2) the alleged failure by defendants to disclose that the I.R. S. might deem these policies to be invalid tax shelters. We further find that centralization in the Northern District of Texas of the District of Arizona putative nationwide class action with similar claims in the Northern District of Texas putative nationwide class action relating to Indianapolis Life will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Centralization of these actions/claims under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certifi-

cation; and conserve the resources of the parties, their counsel and the judiciary. In light of the advanced stage of pretrial proceedings in both the Southern District of Indiana mass tort action and Northern District of Mississippi individual action, we conclude that inclusion of these actions in MDL No. 1983 pretrial proceedings would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of these actions or this litigation as a whole.

■ We are persuaded that the Northern District of Texas is an appropriate transferee district for coordinated or consolidated pretrial proceedings, because (1) the judge assigned to the action pending there has a relatively low caseload, and (2) this action is progressing well.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the District of Arizona is transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Jane J. Boyle for coordinated or consolidated pretrial proceedings with claims in this action relating to Indianapolis Life and listed on Schedule A.

IT IS FURTHER ORDERED that the Section 1407 motion as it pertains to the Southern District of Indiana and the Northern District of Mississippi actions listed on Schedule A is denied.

### SCHEDULE A

MDL No. 1983—IN RE: INDIANAPOLIS LIFE INSURANCE COMPANY I.R.S. § 412(I) PLANS LIFE INSURANCE MARKETING LITIGATION

*District of Arizona*

*Dave Hildebrandt, et al. v. Indianapolis Life Insurance Co., et al.,* C.A. No. 2:08–825

---

4. American Express Tax and Business Services, Inc.; and Bryan Cave, L.L.C.

*Southern District of Indiana*

*John B. Phillips, et al. v. Indianapolis Life Insurance Co., et al.,* C.A. No. 1:06–1544

*Northern District of Mississippi*

*Syed Rafique, et al. v. Indianapolis Life Insurance Co., et al.,* C.A. No. 4:07–11

*Northern District of Texas*

*Stephen Berry, et al. v. Indianapolis Life Insurance Co., et al.,* C.A. No. 3:08–248